IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02419-PAB-KLM

FERNANDO ZAMORA OLVERA,

Plaintiff,

v.

DOUGLAS COUNTY DEPUTY SHERIFF OSN 1520, and
DOUGLAS COUNTY DEPUTY SHERIFF OSN 1304,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Court's **Order** [#37][1] granting Plaintiff's request to appoint counsel and directing Plaintiff to file a Response to the Motion to Dismiss [#23], which has been pending since May 9, 2017, no later than December 20, 2017. Plaintiff was previously warned that failure to file a Response by the deadline "may result in sanctions, including dismissal of this action." *Minute Order* [#34]. Despite this warning, and the lengthy extensions granted to Plaintiff, he has not filed a Response to the Motion to Dismiss to date. The last contact that Plaintiff made with the Court was on December 12, 2017, when he filed a new Motion for Appointment of Counsel [#42].[2]

---

[1] "[#37]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

[2] It appears that Plaintiff may not have received the Order [#37] granting appointment of counsel. *See Mail Returned as Undeliverable on January 29, 2018* [#44].

-1-

"[T]he need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." *Banks*, 680 F. App'x at 724 (quoting *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007)).  An action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); *Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders.")).

For a dismissal *with* prejudice, the Court must apply the factors listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): "(1) the degree of actual prejudice to the defendant"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions" (internal quotation marks omitted).

With respect to the first two *Ehrenhaus* factors, Plaintiff has failed to respond to Defendants' Motion to Dismiss [#28] filed on May 9, 2017.  Thus, the sheer length of time that the Motion to Dismiss [#28] has been pending without being fully briefed likely prejudices Defendants and certainly interferes with the judicial process.  Thus, the first two factors weigh in favor of dismissing this case with prejudice.

Regarding the third and fourth *Ehrenhaus* factors, Plaintiff has failed to seek more time from the Court to comply with Court deadlines.  As a voluntary pro se litigant, it is

Plaintiff's responsibility to ensure that he complies with case deadlines and Court orders. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). While Plaintiff's request to appoint counsel was granted on September 21, 2017, the Court does not have the power to appoint an attorney without his or her consent, *see Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), and no attorney has volunteered to represent Plaintiff in this matter. There is no indication that Plaintiff, at a minimum, did not receive the Court's August 15, 2017 Minute Order [#34] setting the initial extended deadline for Plaintiff to respond to September 15, 2017, and warning that failure to meet Court deadlines may result in the dismissal of his case. Furthermore, Plaintiff has previously been warned that he remains responsible for litigating his case himself in the event that counsel is not obtained. *See Orders* [#25, #37]. Thus, these factors weigh in favor of dismissal with prejudice.

Lastly, regarding the fifth *Ehrenhaus* factor, it does not appear that any sanction less than dismissal would be effective. Although Plaintiff is proceeding pro se, that does not excuse him from complying with Court deadlines. *See Green*, 969 F.2d at 917. In addition, given that Plaintiff is proceeding in forma pauperis and this matter is still in the beginning stages, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such sanctions bear a substantial relationship to Plaintiff's misconduct. Under these circumstances, no lesser sanction is warranted and dismissal with prejudice is the appropriate result. Accordingly,

IT IS HEREBY **RECOMMENDED** that all claims asserted against Defendants in this lawsuit be **DISMISSED with prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 27, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge