IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02419-PAB-KLM

FERNANDO ZAMORA OLVERA,

    Plaintiff,

v.

DOUGLAS COUNTY DEPUTY SHERIFF OSN 1520 and
DOUGLAS COUNTY DEPUTY SHERIFF OSN 1304,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 45] filed on February 27, 2018 and defendants' Motion to Strike or, in the Alternative, Response to Plaintiff's Objection to the Magistrate's Recommendation for Dismissal [Docket No. 49]. The magistrate judge recommends dismissal of all claims asserted against defendants as a sanction for failing to respond to defendants' motion to dismiss and failure to prosecute his claims. Docket No. 45 at 3. Plaintiff filed a timely objection. Docket No. 47. Defendants move to strike plaintiff's objection because it is written in the Spanish language. Docket No. 49 at 2. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Plaintiff is an inmate currently incarcerated in Texas. Docket No. 41 at 2. He was previously incarcerated at the Douglas County Jail in Colorado. Docket No. 17 at

4. While incarcerated at Douglas County Jail, on January 1, 2016, plaintiff was placed in segregation by defendants, identified by plaintiff as guards numbered OSN 1520 and OSN 1304. *Id*. at 6. Plaintiff claims that the walls of the cell were covered in dried spit and the toilet was clogged. *Id*. at 9. Plaintiff states that he was again placed in segregation by defendants on March 23, 2016, and that his cell walls were covered in human feces that caused him to vomit. *Id*. at 10.

On September 26, 2016, plaintiff filed his complaint. Docket No. 1. Plaintiff brings two claims for cruel and unusual punishment in violation of the Eighth Amendment. Docket No. 17 at 9-10; *see also* Docket No. 20. On May 9, 2017, defendants filed a motion to dismiss. Docket No. 28. After plaintiff did not respond by the default deadline, *see* D.C.COLO.LCivR 7.1(d) ("21 days"), the magistrate judge ordered plaintiff to respond by September 15, 2017. Docket No. 34. Plaintiff did not do so, instead filing a motion for appointment of counsel. Docket No. 35. The magistrate judge granted plaintiff's motion for appointment of counsel and extended plaintiff's deadline to respond to the motion to dismiss until December 20, 2017. Docket No. 37. The magistrate judge's order reminded plaintiff of his continuing obligations pending pro bono counsel accepting his case:

> The pro se litigant is advised that there is no guarantee that [Civil Pro Bono] Panel members will undertake representation in every case selected for pro bono representation. The pro se litigant is further cautioned that, **until appointed counsel enters an appearance, the litigant is responsible for all scheduled matters, including hearings, depositions, motions, and trial.** It remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Docket No. 37 at 2 (emphasis in original).  The Clerk of the Court was unable to secure representation for plaintiff through the civil pro bono program and, on December 12, 2017, plaintiff filed another motion for appointment of counsel.  Docket No. 42.  Plaintiff did not respond to the motion to dismiss by the twice-extended deadline.  On February 27, 2018, plaintiff still had not responded to the motion to dismiss and the magistrate judge recommended dismissal.  Docket No. 45.

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

Although plaintiff filed a timely objection to the Recommendation, he does not address the basis for the Recommendation.  *See* Docket No. 47.  In particular, plaintiff does not address the substance of defendants' motion to dismiss or his failure to respond to the motion to dismiss.  Rather, plaintiff alleges a variety of discriminatory

3

conduct by Douglas County Jail corrections officers that does not form the basis for his claims in this lawsuit, *id*. at 2-5, and discusses loss of commissary funds and poor medical treatment that formed the basis of claims previously dismissed as frivolous. *Id*. at 5-7; *see also* Docket No. 20 at 4-5. Because plaintiff does not specifically object to the magistrate judge's grounds for recommending that his claims be dismissed and his general objection is insufficient to require the Court to conduct de novo review of the Recommendation, the Court determines that de novo review is not required. *Cf. One Parcel of Real Prop. Known as 2121 E. 30th St.,* 73 F.3d at 1060 (holding general objections are insufficient to avoid waiver, but that the district court may conduct de novo review in its discretion).

In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Plaintiff fails to explain why he never responded to the motion to dismiss despite two lengthy extensions. Docket No. 47. The magistrate judge reminded plaintiff of his obligations to comply with the Federal Rules and court orders until counsel entered an appearance, but he did not do so. *See* Docket No. 37 at 2. Dismissal with prejudice is warranted because of plaintiff's repeated failures to comply with court orders and deadlines. The Court finds no clear error with respect to Magistrate Judge Mix's recommendations and will adopt them. *See* Fed. R. Civ. P. 41(b); D.C.COLO.LCivR 41.1. The Court will therefore dismiss plaintiff's claims.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

Because dismissal of plaintiff's claims resolves this lawsuit, the Court will deny defendants' motion to strike as moot. See Docket No. 49.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of Magistrate Judge [Docket No. 45] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's claims are dismissed with prejudice. It is further

**ORDERED** that defendants' Motion to Strike or, in the Alternative, Response to Plaintiff's Objection to the Magistrate's Recommendation for Dismissal [Docket No. 49] is **DENIED** as moot. It is further

**ORDERED** that, within 14 days of the entry of this Order, defendants may have their costs by filing a Bill of Costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED May 24, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge